**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action NO. ____________________

OASTER DEVELOPMENT, LLC,

Plaintiff,

v.

WD CONSULTING, dba WD CONSTRUCTION;
WILLIAM D. TIBBETT;
BUCHER DESIGN STUDIO, INC.;
BRIAN K. BUCHER;
LES D. KROHNFELDT;
DOUGLAS H. OLSEN;
JOSEPH M. STOWELL;
EDWARD H. HOULE;
JOSHUA LINDSTROM; AND
TOJY THOMAS,

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Oaster Development LLC ("Plaintiff"), by and through its attorneys, Messner Reeves LLP, for its Complaint against defendant WD Consulting, dba WD Construction; William D. Tibbett, individual; Bucher Design Studio, Inc.; Brian K. Bucher, individual; Les D. Krohnfeldt, individual; Douglas H. Olsen, individual; Joseph M. Stowell, individual; Edward H. Houle, individual; Joshua Lindstrom, individual; and Tojy Thomas, individual (collectively "Defendants"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1400(a) because the Defendants reside in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff Oaster Development LLC ("Oaster Development") is a limited liability company formed under the laws of Colorado and does business in Colorado Springs, Colorado. Plaintiff is a design and architectural firm that that has developed state-of-the-art facilities for numerous churches.

4. On information and belief, Defendant WD Consulting dba WD Construction ("WD Construction") is a limited liability company formed under the laws of Colorado and is located at 919 W. Cucharras St., Ste 100, Colorado Springs, CO 80905. On information and belief, Defendant WD Construction provides services in areas of general contracting, owner's representation, construction management and consulting.

5. On information and belief, Defendant Bill Tibbett ("Tibbett") is an individual who resides in Colorado Springs at 1504 West Cucharras St., Colorado Springs, CO. On information and belief, Tibbett is a citizen of Colorado. On information and belief, Mr. Tibbett is the owner and President of WD Construction.

6. On information and belief, Defendant Bucher Design Studio, Inc. ("Bucher Design Studio") is a corporation that is incorporated in Colorado and has its principal place of business at 12325 Oracle Blvd., Suite 111, Colorado Springs, CO. On information and belief, Defendant Bucher Design Studio provides services in areas of architectural design.

7. On information and belief, Defendant Brian Bucher ("Bucher") is an individual who resides in Colorado Springs at 13026 Fisheye Drive, Colorado Springs, CO. On information and belief, Bucher is a citizen of Colorado. On information and belief, Bucher is the owner and President of Bucher Design Studio.

8. On information and belief, Defendant Joseph M. Stowell ("Stowell") is an individual who resides in Colorado Springs at 3574 Cherry Plum Drive, Colorado Springs, CO

80920. On information and belief, Stowell is a citizen of Colorado. On information and belief, Stowell is a member of the leadership team of Woodmen Valley Chapel.

9. On information and belief, Defendant Tojy Thomas ("Thomas") is an individual who resides in Colorado Springs at 4145 New Santa Fe Trail, Colorado Springs, CO 80924. On information and belief, Thomas is a citizen of Colorado. On information and belief, Thomas is a member of the leadership team of Woodmen Valley Chapel.

10. On information and belief, Defendant Douglas H. Olsen ("Olsen") is an individual who resides in Colorado Springs at 2660 Edenderry Drive, Colorado Springs, CO 80919. On information and belief, Olsen is a citizen of Colorado. On information and belief, Olsen is a member of the leadership team of Woodmen Valley Chapel.

11. On information and belief, Defendant Edward H. Houle ("Houle") is an individual who resides in Colorado Springs at 14160 Gleneagle Drive, Colorado Springs, CO 80921. On information and belief, Houle is a citizen of Colorado. On information and belief, Houle is a member of the leadership team of Woodmen Valley Chapel.

12. On information and belief, Defendant Les D. Krohnfeldt ("Krohnfeldt") is an individual who resides in Colorado Springs at 9625 Pinebrook Way, Colorado Springs, CO 80920. On information and belief, Krohnfeldt is a citizen of Colorado. On information and belief, Krohnfeldt is a member of the team which directed early construction administration of the building projects between Plaintiff and Woodmen Valley Chapel.

13. On information and belief, Defendant Joshua J. Lindstrom ("Lindstrom") is an individual who resides in Colorado Springs at 8435 Ryegrass Trail, Colorado Springs, CO 80919. On information and belief, Lindstrom is a citizen of Colorado. On information and belief, Lindstrom is a member of the leadership team of Woodmen Valley Chapel.

## FACTUAL BACKGROUND

### A. Breach of Agreement with Woodmen Valley Chapel

14. Oaster Development is a design and architectural firm that is devoted to the success of bible based, Christian ministries throughout the world that has developed state-of-the-art facilities for numerous churches over the years.

15. Oaster Development was hired by Woodmen Valley Chapel to design a new building for the Woodmen Heights Campus ("Woodmen Heights Campus Project").

16. The Defendants listed in paragraphs 8-13 are hereafter referred to collectively as the "Leadership Team."

17. Prior to being formally hired, Oaster Development provided initial design schematics free of charge that were reviewed by the Leadership Team and WD Construction.

18. WD Construction and the Leadership Team independently confirmed the design and approach was within the Woodmen Valley Chapel's budget.

19. Oaster Development entered into a Design Agreement for the Woodmen Heights Campus Project ("Woodmen Heights Campus Agreement") dated December 12, 2018. A true and accurate copy the Woodmen Heights Campus Agreement is attached as **Exhibit 1**.

20. Oaster Development was hired based on their experience and ability to provide cost effective completion of a two-story building having approximately 20,000 square feet including a completed first floor and shell structure on the second floor. The former development team recommended a much smaller building having approximately 9,000 square feet for a similar cost.

21. Oaster Development provided a successful design, permitting, and groundbreaking for the Woodmen Heights Campus Project.

22. Given the success of the continuing Woodmen Heights Campus Project, Oaster Development was hired for a second project by Woodmen Valley Chapel. The second project is entitled the Woodmen Monument Campus Project.

23. Oaster Development entered into a Design Agreement for the Woodmen Monument Campus Project ("Woodmen Monument Campus Agreement") dated December 12, 2019. A true and accurate copy the Woodmen Monument Campus Agreement is attached as **Exhibit 2**.

24. Prior to entering into the Woodmen Monument Campus Agreement, as a sign of good faith, Oaster Development developed all schematics for the Project, a conceptual site plan matrix, and a three-dimensional tour to assist Woodmen Valley Chapel in raising funds for the Woodmen Monument Campus Project.

25. WD Construction and owner Tibbett were part of the Woodmen Heights Campus Project and wanted to be part of the Woodmen Monument Campus Project.

26. WD Construction applied to be part of the Woodmen Monument Campus Project.

27. WD Construction provided an initial estimate for construction services related to the Woodmen Monument Campus Project.

28. Oaster Development received a second estimate from Great West Construction for construction services related to the Woodmen Monument Campus Project.

29. Woodmen Valley Chapel, and at least part of the Leadership Team interviewed both WD Construction and Great West Construction, and the Leadership Team unanimously decided to hire Great West Construction.

30. Great West Construction was hired for the Woodmen Monument Campus Project on January 28, 2020.

31. After the final selection of Great West Construction, Krohnfeldt called for a meeting with Oaster Development, WD Construction and owner Tibbett regarding the Woodmen Monument Campus Project being given to Great West Construction.

32. In the meeting, Krohnfeldt was extremely angry that Great West Construction was given the Woodmen Monument Campus Project over WD Construction.

33. Krohnfeldt yelled and screamed at Mr. Oaster and his company Oaster Development for WD Construction not obtaining the Woodmen Monument Campus Project.

34. Krohnfeldt was so angry and visibly shaking during the meeting that Mr. Oaster believed he might have a medical event including a heart attack.

35. Krohnfeldt blamed Mr. Oaster and his company, Oaster Development, for WD Construction not obtaining the Woodmen Monument Campus Project.

36. On information and belief, WD Construction and owner Tibbetts blamed Mr. Oaster and his company, Oaster Development, for not obtaining the Woodmen Monument Campus Project.

37. As of the first quarter of 2020, both Projects (the Woodmen Heights Campus Project and the Woodmen Monument Campus Project), were proceeding smoothly and on schedule.

38. On March 30, 2020, Woodmen Valley Chapel through Houle provided a letter purporting to give written notice of termination (for "convenience" and "without cause") of the Woodmen Monument Campus Agreement. A true and accurate copy of the purported notice of termination letter is attached as **Exhibit 3**.

39. The Woodmen Monument Campus Agreement did not provide for termination by Woodmen Valley Chapel for "convenience" or "without cause."

40. Thus, on March 30, 2020, Woodmen Valley Chapel breached the agreement by improperly terminating the Woodmen Monument Campus Agreement.

41. On March 30, 2020, Woodmen Valley Chapel through Houle also provided a letter purporting to give written notice of termination (for "convenience" and "without cause") of Woodmen Heights Campus Agreement. A true and accurate copy of the purported notice of termination letter is attached as **Exhibit 4**.

42. The Woodmen Heights Campus Agreement did not provide for termination by Woodmen Valley Chapel for "convenience" or "without cause."

43. Thus, on March 30, 2020, Woodmen Valley Chapel breached the agreement by improperly terminating the Woodmen Heights Campus Agreement.

44. On information and belief, on March 30, 2020, Woodmen Valley Chapel also improperly terminated the contract with Great West Construction. A true and accurate copy of the termination letter is attached as **Exhibit 5**.

45. WD Construction was hired to replace Great West Construction by Woodmen Valley Chapel for the Woodmen Monument Campus Project.

46. Houle represented to Oaster Development that Krohnfeldt seemed to be behind the termination by stating or implying he was informed about a toxic environment between WD Construction and Oaster Development.

47. Houle informed Oaster Development that WD Construction had been hired by Woodmen Valley Chapel to take over the Woodmen Monument Campus Project.

48. Bucher Design Studio was hired to provide architectural services for the Woodmen Monument Campus Project.

49. On information and belief, WD Construction, Bucher Design Studio, Bucher, and Tibbett knew of the Woodmen Heights Campus Agreement and the Woodmen Monument Campus Agreement.

50. On information and belief, WD Construction, Tibbett and Krohnfeldt were the driving force behind Woodmen Valley Chapel's breaches of the Woodmen Monument Campus Agreement and the Woodmen Heights Campus Agreement.

51. On information and belief, WD Construction, Tibbett, Bucher Design Studio, Bucher and Krohnfeldt wrongfully interfered with the Woodmen Monument Campus Agreement and the Woodmen Heights Campus Agreement and pushed for Woodmen Valley Chapel to terminate and/or breach the Agreements so that WD Construction and Bucher Design Studio could be hired, or pressured Woodmen Valley Chapel to enter into a deal that would be more beneficial to Tibbett and Krohnfeldt personally.

52. On information and belief, and unknown to Oaster Development, Tibbett and Bucher decided that they could substitute themselves into the Woodmen Monument Campus Project in order to enrich themselves personally.

53. On information and belief, WD Construction, Bucher Design Studio, Bucher, Tibbett and Krohnfeldt devised a plan for Woodmen Valley Chapel to breach and/or terminate the Agreements with Oaster Development.

54. On information and belief, the plan required Bucher, Tibbett, and Krohnfeldt to interfere with the current Agreements, including slandering Oaster Development's work and services. This plan included creating an appearance of a toxic environment between Oaster Development and WD Construction.

55. On information and belief, WD Construction, Bucher Design Studio, Bucher, Tibbett, and Krohnfeldt, by their words and conduct, interfered with Oaster Development's performance of the Woodmen Heights Campus Agreement and the Woodmen Monument

Campus Agreement, and intentionally caused Woodmen Valley Chapel to breach, terminate and/or not complete the Agreements.

56. On information and belief, WD Construction, Bucher Design Studio, Bucher, Tibbett, Krohnfeldt, and Houle, by their words and conduct, intentionally induced and caused Woodmen Valley Chapel to breach its Agreements with Oaster Development by terminating the Agreements without cause.

57. On information and belief, WD Construction's, Bucher Design Studio's, Bucher's, Tibbett's, and Krohnfeldt's interference with the Woodmen Heights Campus Agreement and the Woodmen Monument Campus Agreement, and the performance of same was improper.

58. On information and belief, WD Construction, Bucher Design Studio, Bucher, Tibbett, Krohnfeldt and the remaining members of Leadership Team acted improperly as they did not have a bona fide purpose for interfering but, instead, were motivated by malice and a desire to personally enrich themselves and/or their companies to the detriment of Oaster Development and Great West Construction.

59. The Leadership Team terminated the Woodmen Heights Campus Agreement and the Woodmen Monument Campus Agreement without cause.

**B. <u>Plaintiff and its Copyrighted Work</u>**

60. Oaster Development is a design and architectural firm that has developed state-of-the-art facilities for numerous of churches over the years.

61. Oaster Development creates "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990 (the "AWCPA")) and technical drawings depicting architectural works. Oaster Development owns copyrights protecting the architectural works and technical drawings it has created.

62. Oaster Development is owner of all copyrights in the following works (collectively, "Copyrighted Works"), each of which has been registered with the United States Copyright Office:

| Title | Registration Certificate No. |
|---|---|
| Woodmen Valley Chapel Monument Campus | VAu001457668 |
| Oaster Dev. Church Design | VAu001400792 |

63. Mr. Oaster created or had created the copyrighted work identified with Registration No. VAu001457668 on or around 2020. Oaster Development owns any and all copyright rights in the Copyrighted Works. A true and correct copy of the copyrighted work is attached hereto as **Exhibit 6**.

64. Mr. Oaster created or had created the copyrighted work identified with Registration No. VAu001400792 on or around 2020. Oaster Development owns any and all copyright rights in the Copyrighted Works. A true and correct copy of the copyrighted work is attached hereto as **Exhibit 7**.

65. Copyright Registration Nos.: VAu001457668 and VAu001400792 will be referred to collectively as the "Copyrighted Works."

66. Each of the Copyrighted Works constitutes original material that is copyrightable under federal law.

67. Plaintiff has been, and is, the exclusive owner of all rights, title, and interest, including all rights under copyright, in each of the Copyrighted Works.

68. Each of the Copyrighted Works are of significant value to Plaintiff.

**C. <u>Defendants' Infringing Conduct</u>**

69. On information and belief, upon termination of the Woodmen Heights Campus Agreement and the Woodmen Monument Campus Agreement without cause, the Leadership Team hired WD Construction to take over the construction work and hired Bucher Design Studio to take over the architectural and design services.

70. On information and belief, the Leadership Team provided to WD Construction and Bucher Design Studio copies of the Copyrighted Works (and/or derivatives thereof) to use in (completing) construction of the Projects described in the Woodmen Monument Campus Agreement.

71. On information and belief, the Leadership Team knew that the Copyrighted Works had been created by and belonged to Oaster Development.

72. On information and belief, the WD Construction and its owner Tibbett knew that the Copyrighted Works had been created by and belonged to Oaster Development.

73. On information and belief, the Bucher Design Studio and its owner Bucher knew that the Copyrighted Works had been created by and belonged to Oaster Development.

74. On information and belief, despite this knowledge, the Leadership Team approved and/or encouraged WD Construction and Bucher Design Studio, along with their owners Bucher and Tibbett to use the Copyrighted Works (and/or derivatives thereof) in (completing) construction of the Projects described in the Woodmen Monument Campus Agreement.

75. WD Construction and Bucher Design Studio, along with their owners Bucher and Tibbitt have published, reproduced, publicly displayed, distributed, prepared derivative works, along with other exploitation and sold, or caused to be published, reproduced, publicly displayed, distributed and sold, identical or derivatives of portions of the Copyrighted Work connected with services for Woodmen Valley Chapel including but not limited to the Woodmen Monument Campus Project (hereafter the "Infringing Activity").

76. Upon information and belief, WD Construction and Bucher Design Studio, along with their owners Bucher and Tibbett engaged in the Infringing Activity with the knowledge by the Leadership Team that Oaster Development owned the Copyrighted Works, and the Leadership Team knew or should have known that such actions would constitute copyright infringement.

77. WD Construction and owner Tibbett's use of portions of the Copyrighted Works is without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

78. Bucher Design Studio and owner Bucher's use of portions of the Copyrighted Works is without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

79. The actions of Bucher, Tibbett, and the Leadership Team to agree to and/or encourage WD Construction's and Bucher Design Studio's use of portions of the Copyrighted

Works was also without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

80. Since Bucher Design Studio, WD Construction, Tibbett and Bucher began exploiting portions of the Copyrighted Works, Bucher Design Studio and Bucher have made, sold, and/or published derivative works. On information and belief, Bucher Design Studio, WD Construction, Tibbett, Bucher, and the Leadership Team continue to permit and encourage distribution and publishing of the Copyrighted Works.

81. On information and belief, Bucher Design Studio's, WD Construction's, Tibbett's, Bucher's and the Leadership Team's identical copying and exploitation of portions of the Copyrighted Works was willful, and in disregard of, and with indifference to, the rights of Plaintiff.

82. On further information and belief, Bucher Design Studio's, WD Construction's, Tibbett's, Bucher's, and the Leadership Team's intentional, infringing conduct was undertaken to reap the benefit and value associated with the Copyrighted Works. By failing to obtain Plaintiff's authorization to use the Copyrighted Works or to compensate Plaintiff for the use, Bucher Design Studio, WD Construction, Tibbett, Bucher and the Leadership Team has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Works, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

83. As a result of Bucher Design Studio's, WD Construction's, Tibbett's, Bucher's, and the Leadership Team's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, public display, use to create derivative works, and sale of portions of the Copyrighted Works.

84. Bucher Design Studio, WD Construction, Tibbett, Bucher, and the Leadership Team have never accounted for or otherwise paid Plaintiff for its use of these portions of the Copyrighted Works.

85. Bucher Design Studio's, WD Construction's, Tibbett's, Bucher's, and the Leadership Team's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

**FIRST CAUSE OF ACTION**

**(Copyright Infringement against WD Construction, Bucher Design Studio, Bucher, and Tibbett)**

86. Plaintiff repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

87. Plaintiff owns all right, title and interest in its Copyrighted Works.

88. WD Construction's, Bucher Design Studio's, Bucher's, and Tibbett's acts of copying or creation of construction and associated designs and construction drawings based on the Copyrighted Works has infringed and continues to infringe Plaintiff's copyrights in the Copyrighted Works.

89. WD Construction's, Bucher Design Studio's, Bucher's, and Tibbett's acts of creation and publication of non-pictorial representations based on Plaintiff's Copyrighted Works have infringed and are infringing Plaintiff's copyrights in the Copyrighted Works.

90. Plaintiff is entitled to recover the actual damages it suffered as a result of the foregoing infringement, and all of WD Construction's, Bucher Design Studio's, Bucher's, and Tibbett's profits from such infringement, pursuant to 17 U.S.C. § 504(b).

91. In the alternative to the actual damages and infringer profits sought above, Plaintiff is entitled to an award of statutory damages for all infringements of Plaintiff's Copyrighted Works, as permitted by 17 U.S.C. § 504(c).

92. Pursuant to 17 U.S.C. § 505, defendants are liable for plaintiffs' costs and reasonable attorneys' fees incurred in this action.

93. In addition, Plaintiff is entitled to preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting defendants from further infringement of their copyrights, including but not limited to the further use of infringing plans, creation or use of derivative plans, and construction, sale or rental of infringing structures.

94. Furthermore, this Court should issue an order pursuant to 17. U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of the Copyrighted Works, in possession of Defendants or their agents or contractors in violation of Plaintiff's exclusive rights, and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

**SECOND CAUSE OF ACTION**

**(Contributory Copyright Infringement against Bucher, Tibbett, and the Leadership Team)**

95. Plaintiff repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

96. On information and belief, the Leadership Team and Tibbett hired or directed the hiring of WD Construction, Tibbett, Bucher Design Studio, and Bucher to construct a substantial copy or derivative work of the Copyrighted Works.

97. On information and belief, the Leadership Team, Tibbett, and Bucher knew or should have known that the Copyrighted Works were owned by Plaintiff and that creating copies of the designs or derivative works of the designs would constitute copyright infringement.

98. On information and belief, the Leadership Team and Tibbett materially contributed to that infringement by supplying Bucher Design Studio and Bucher with the Copyrighted Works or a portion of the Copyrighted Works and drawings in sufficient detail to reproduce the Copyrighted Works or make a derivative work based on the Copyrighted Works.

99. On information and belief, Bucher Design Studio and Bucher materially contributed to that copyright infringement by copying or having copied the Copyrighted Works and constructed a substantial copy of the Copyrighted Works or made a derivative work based on the Copyrighted Works.

100. Bucher, Tibbett, and the Leadership Team knowingly, intentionally, and willingly induced Bucher Design and Bucher to copy and construct architectural plans pursuant to the Copyrighted Works.

101. Bucher, Tibbett, and the Leadership Team's acts averred herein infringe upon Plaintiff's Copyrighted Works.

102. The acts averred herein caused and will continue to cause Plaintiff, substantial injuries, loss, and damage to its exclusive rights under copyright.

**THIRD CAUSE OF ACTION**

**(Inducement/Vicarious Copyright Infringement against The Leadership Team, Bucher, and Tibbett)**

103. Plaintiff repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

104. WD Construction, Bucher Design Studio, Bucher, Tibbett and the Leadership Team and others have infringed and are infringing Plaintiff's rights in the registered Copyrighted Works by, *inter alia*, publishing, reproducing, publicly displaying, distributing, preparing derivative works, along with other exploitation and selling, or causing to be published, reproduced, publicly displayed, distributed and sold, identical or derivatives of portions of the Copyrighted Works connected with services for Woodmen Valley Chapel including but not limited to the Woodmen Monument Campus Project, or authorizing the reproduction, distribution and creation of derivative works based on the Copyrighted Works, all without authorization. These activities and others are therefore directly infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

105. On information and belief, the Leadership Team, Tibbett, and Bucher as owners or supervisors have the right and ability to supervise and control the infringement of Plaintiff's Copyrighted Works. By authorizing the exploitation of the infringement, the Leadership Team, Tibbett, and Bucher have failed to supervise and control the infringing activities of Plaintiff's Copyrighted Works.

106. Upon information and belief, Bucher, Tibbett, Leadership Team, as supervisors, members or owners of the Woodmen Valley Chapel, Bucher Design Studio, and WD Construction have derived, and continue to derive, direct financial benefit from the infringement of Plaintiff's Copyright Works.

107. As a direct and proximate result of WD Construction, Bucher Design Studio, Bucher, and Tibbett's infringement of Plaintiff's Copyrighted Works and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c).

Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendants' profits from infringement, as will be proven at trial.

108. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

109. As a direct and proximate result of Bucher's, Tibbett's, and the Leadership Team's vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Bucher, Tibbett, and the Leadership Team will continue to infringe Plaintiff's copyright in the Copyrighted Works. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

**FOURTH CAUSE OF ACTION**

**(Tortious Interference with Business Relationship and/or Business Contract against WD Construction, Tibbett, Bucher Design Studio, and Krohnfeldt )**

110. Plaintiff repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

111. WD Construction, Tibbett, Bucher Design Studio, Krohnfeldt, and Bucher intentionally interfered with Oaster Development's existing or potential economic relations for an improper purpose and with improper means causing injury to Oaster Development.

112. There existed an express contractual relationship between Plaintiff and the Woodmen Valley Chapel for the Woodmen Monument Campus Project and for the Woodmen Heights Campus Project.

113. WD Construction, Tibbett, Bucher Design Studio, Krohnfeldt, and Bucher had knowledge of that relationship.

114. WD Construction, Tibbett, Bucher Design Studio, Krohnfeldt, and Bucher intended to induce Woodmen Valley Chapel to breach and violate the terms of the contractual relationship with Oaster Development through its actions.

115. Woodmen Valley Chapel breached its contractual relationships with Oaster Development.

116. WD Construction, Tibbett, Bucher Design Studio, Bucher, and Krohnfeldt also induced others to breach Plaintiff's contractual relationship with Woodmen Valley Chapel by copying its copyrighted content and inducing them to not abide by the terms of that contract.

117. WD Construction, Tibbett, Bucher Design Studio, Krohnfeldt, and Bucher further prevented Plaintiff from acquiring or continuing its prospective relationships with certain customers, including Woodmen Valley Chapel.

118. Defendants' actions caused Plaintiff to lose potential contracts and existing business relationships.

119. As a proximate cause of this tortious interference with business relationships or contracts, Plaintiff has suffered continued, ongoing and far-reaching copyright infringement, depreciation in the value of and ability to sell and license its work, lost profits and/or opportunities, theft of property, damage to my goodwill and reputation, damage to its business and its business reputation, loss of professional reputation, deprivation of property and rights under copyright to control the uses of that property and exploit that property, loss of stature in the business community, loss of its business and livelihood, diversion of sales, and loss of income associated with the breach.

**FIFTH CAUSE OF ACTION**

**(Unfair or Deceptive Trade Practices and Unfair Methods of Competition against WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team)**

6-1-105 C.R.S and 5 U.S.C. §§ 1051; 15 U.S.C. § 1127

120. Plaintiff repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

121. WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team are liable for the injuries and harms claimed in this cause of action.

122. From the period of time starting on or about March 2020, continuing to the present, the Defendants have engaged in unfair or deceptive acts or practices, or in unfair methods of competition in or affecting commerce.

123. WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team engaged in unfair or deceptive trade practices with the intent to injure competitors and to destroy or substantially lessen competition.

124. WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team acted in bad faith and their conduct was fraudulent, willful, knowing, or intentional.

125. The challenged practices occurred in the course of WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team's businesses, vocations, or occupations.

126. The challenged conduct significantly impacts the public as actual or potential consumers of the Defendant's goods, services, or property.

127. On information and belief, in the course of WD Construction, Tibbett, Bucher Design Studio, and the Leadership Team's business, vocation, or occupation, these Defendants knowingly made misleading representations as to affiliation, connection, or association with or certification by another; knowingly disparaged the goods, services, property, or business of another by false or misleading representation of fact; made false or misleading statements of fact concerning the price of goods, services, or property or the reasons for, existence of, or amounts of price reductions; with intent to injure competitors and to destroy or substantially lessen competition.

128. On information and belief, the unfair or deceptive trade practices and unfair methods of competition committed by the Defendants include, *inter alia*;

129. Copyright infringement;

130. Misrepresentation in a commercial setting including characterization of the relationship as toxic; and/or

131. Libeling or slandering Plaintiff's business, its products, services, or its business activities; and

132. Wrongful interference with Plaintiff's contracts and business relationships.

133. The aforementioned acts by the Defendants are unconscionable, willful, and malicious.

134. As a proximate cause of the unfair or deceptive trade practices, unfair methods of competition, and copyright infringement by WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team, Plaintiff has suffered substantial damages to its legally protected interests in Colorado, including, but not limited to loss of business, loss and or

diversion of sales, loss of goodwill, loss of business reputation, and monetary damages exceeding to be proven at trial and other wrongful interferences with business activities.

**SIXTH CAUSE OF ACTION**

**(Conspiracy against WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team)**

135. Plaintiff repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

136. On information and belief, the parties to the conspiracy are WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team.

137. On information and belief, WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team knowingly entered in the conspiracy.

138. On information and belief, the conspiracy began on or about March 2020.

139. On information and belief, the conspiracy has continued to the date of this filing.

140. On information and belief, WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team used legal means to accomplish an illegal result, and/or used illegal means to achieve something that in itself is lawful in furtherance of the conspiracy.

141. On information and belief, WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team acted intentionally, purposefully and without lawful justification.

142. On information and belief, the purpose of the conspiracy has been to deprive Plaintiff of its business and its business reputation, deprive Plaintiff of its professional reputation, deprive Plaintiff of its property including its Copyrighted Works, deprive Plaintiff of its property rights under copyright to control the uses of or exploit its intellectual property, deprive Plaintiff of its stature, deprive Plaintiff of its legitimate livelihood, and to eliminate Plaintiff's competition.

143. On information and belief, WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team conspired to commit multiple wrongful acts against Plaintiff including but not limited to unfair trade practices, copyright infringement, plagiarism, to induce

or commit breach of contract, and tortious interference with business relationships between Woodmen Valley Chapel and Oaster Development.

144. On information and belief, WD Construction, Tibbett, Bucher Design Studio, Bucher, and Krohnfeldt conspired to commit multiple wrongful acts against Plaintiff including but not limited to unfair trade practices, to induce or commit breach of contract, and tortious interference with business relationships between Woodmen Valley Chapel and Oaster Development.

145. WD Construction, Tibbett, Bucher Design Studio, Bucher, and the Leadership Team committed multiple overt acts in furtherance of a common design.

146. As proximate cause of the conspiracy, Plaintiff has suffered injury and damages including damage to its business and its business reputation, loss of its professional reputation, deprivation of its property and its rights under copyright to control the uses of that property and exploit that property, loss of stature in the business community, loss of its business and livelihood, loss of goodwill, diversion of sales, continued, ongoing and far reaching copyright infringement, effectuation of new and further infringements, depreciation in the value of and ability to sell and license its work, and lost profits and/or opportunities.

## SEVENTH CAUSE OF ACTION

**(Unjust Enrichment against WD Construction, Bucher Design Studio, Bucher, and Tibbett)**

147. Plaintiff repeats and realleges the preceding paragraphs hereof, as if fully set forth herein.

148. WD Construction, Tibbett, Bucher Design Studio, and Bucher have been unjustly enriched as a result of the benefits procured through their unlawful, willful, and deliberate misappropriation and infringement of Plaintiff's Copyrighted Works and works derived and constructed there from.

149. WD Construction and Bucher Design Studio saved monies through their unlawful, willful, and deliberate misappropriation and infringement of Plaintiff's Copyrighted Works and works derived and constructed there from.

150. WD Construction and Bucher Design Studio were able to substitute themselves into the Woodmen Monument Campus Project by improper means.

151. WD Construction, Tibbett, Bucher Design Studio, and Bucher were enriched as they were able to provide services for the Woodmen Monument Campus Project by improper means.

**PRAYER FOR RELIEF**

**(Damages and Injunctive Relief)**

WHEREFORE, Plaintiff demands trial by jury and requests judgment against Defendants as follows:

a. An award of damages against all Defendants, jointly and severally, for copyright infringement, vicarious copyright infringement and contributory copyright infringement for a sum of money equal to the amount of damages and/or losses Plaintiff has sustained or will sustain; or in lieu thereof, should Plaintiff elect an award of statutory damages, pursuant to 17 U.S.C. § 504(c) against the Defendants, jointly and severally, to be increased to the maximum permitted by law, for each act of willful, copyright infringement, vicarious copyright infringement and contributory copyright infringement;

b. An award damages against the Defendants, jointly and severally, for a sum of money equal to the amount of damages and/or losses Plaintiff has sustained or will sustain for engaging in the tortious acts complained of herein;

c. To award damages against all Defendants, jointly and severally, for a sum of money equal to the amount of damages and/or losses Plaintiff has sustained or will sustain for engaging in unfair or deceptive trade practices, plus triple damages and attorneys' fees and costs as authorized by state statute, and to enjoin the Defendants from engaging in unfair or deceptive trade practices;

d. An award damages against all Defendants, jointly and severally, for a sum of money equal to the amount of damages and/or losses Plaintiff has sustained or will sustain for engaging in a conspiracy to commit the wrongs named in this complaint;

e. An award punitive damages pursuant to Colorado statutory or common law;

f. A disgorgement of any profits realized by Defendants due their infringing and/or tortious conduct;

g. A grant of an injunction and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from: i) manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and ii) aiding, assisting, or abetting any other individual or entity in doing any such prohibited act.

h. An order for an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales and any other exploitation of the Copyrighted Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embodying the Copyrighted Works.

i. An order instructing Defendants to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies of the Copyrighted Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

j. An order instructing Defendants, at their own expense, to recall the Copyrighted Works from any distributors, retailers, vendors, or others that have distributed the Copyrighted Works on Defendants' behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, and ordering Defendants to destroy or deliver up for destruction all materials returned to it.

k. An award of such other and further relief as the Court deems just and proper.

Dated: March 29, 2022

Respectfully submitted,

/s/ *Gregory P. Sitrick*

Gregory P. Sitrick
Isaac S. Crum *(registration pending)*
Messner Reeves LLP
7250 N. 16th Street, Suite 410
Phoenix, AZ 85020
602.641.5059
gsitrick@messner.com
icrum@messner.com

Scott J. Hawranek *(registration pending)*
Messner Reeves LLP
14 North Sierra Madre Street, Suite A
Colorado Springs, CO 80906
719.344.9907
shawranek@messner.com

*Attorneys for Plaintiff*