IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00779–WJM–MDB

OASTER DEVELOPMENT, LLC,

    Plaintiff,

v.

WD CONSULTING d/b/a WD CONSTRUCTION,
WILLIAM D. TIBBETT,
BUCHER DESIGN STUDIO, INC., and
BRIAN K. BUCHER,

    Defendants.

---

## ORDER

---

This matter is before the Court on "Defendants Bucher Design Studio, Inc. and Brian Bucher's Motion to Amend Their Answer to Add Defense." (["Motion"], Doc. No. 81.) Plaintiff has not responded, and the time to do so has lapsed. For the following reasons, the Motion is **GRANTED**.

### STATEMENT OF THE CASE

This action arises from a dispute centered on the construction of two Woodman Valley Church ["WVC"] campuses. (Doc. No. 1 at ¶¶ 14–22.) Plaintiff contends that, after entering a contract with WVC and creating copyrighted designs for the campuses, WVC improperly terminated the contract and entered into contracts with Defendants to construct the campuses. (*Id.* at ¶¶ 14–59.) Plaintiff alleges that Defendants improperly induced WVC's alleged breach of

contract and, without a license, knowingly infringed on Plaintiff's intellectual property in constructing the campuses. (*Id.* at ¶¶ 69–85.)

On January 5, 2023, the Court entered a Scheduling Order in this matter. (Doc. No. 64.) In the Scheduling Order, the parties agreed that the deadline to amend the pleadings had run on December 22, 2022. (*Id.* at 7.) On March 23, 2023, Defendants Bucher Design Studio, Inc. and Brian Bucher [collectively, "Bucher Defendants"] filed the instant Motion seeking "leave to amend their Answer to assert the defense of license, express and/or implied, which was inadvertently omitted and recently discovered." (Doc. No. 81 at 3.)

## STANDARD OF REVIEW

If a motion to amend a pleading is filed after the deadline set forth in a scheduling order, a court must engage in a two-step analysis to determine whether the proposed amendment is proper under Federal Rule of Civil Procedure Rules 16(b) and 15(a).[1] *See* G*orsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

"Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted). In other words, the court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the

---

[1] Here, the Motion was filed on March 23, 2023, approximately three months after the deadline to amend pleadings as set forth in the Scheduling Order. (*See* Doc. No. 64 at 7.)

2

diligence of the party seeking the extension." *Id.* However, "rigid adherence to the pretrial scheduling order is not advisable." *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

If a plaintiff demonstrates good cause under Rule 16(b)(4), the court moves on to the second step of the analysis and reviews whether the plaintiff has satisfied the requirements of Rule 15(a). *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011). Under Federal Rule of Civil Procedure 15(a)(2), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "[T]he liberal standard for granting of motions for leave to amend unless the amendment inflicts undue prejudice on the non-moving party reflects the Court's underlying policy that pleadings should enable a claim to be heard on its merits." *James et al. v. Fenske*, 10-cv-02591-WJM-CBS, 2012 WL 592855 at *3 (D. Colo. Feb. 23, 2012) (citing *Calderon v. Kan. Dep't of Soc. & Rehabilitative Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

Thus, undue prejudice to the opposing party is the most important factor in considering whether a party should be permitted to amend their pleading. *See Minter v. Prime Equip. Co.*,

451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense." *Id*. (quotation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. at 1208 (citations omitted).

## ANALYSIS

Here, the Bucher Defendants seek to amend their Answer to add the following defense: "Plaintiff's claims against Bucher may be barred by an express and/or implied license." (Doc. No. 81-1 at 21.) Bucher contends that "[d]uring the course of preparing their [February 6, 2023, early motion for summary judgment] and preparing for the deposition of Plaintiff," they "discovered that the pertinent affirmative defense of 'license, express and/or implied' was inadvertently omitted from Bucher's Answer." (Doc. No. 81 at 3.) Plaintiff has not filed a response to the Motion, and the Court sees no reason to disbelieve that the Bucher Defendants' omission was inadvertent. Additionally, while more than a month passed between the time the Bucher Defendants filed their early summary judgment motion and the time they filed the instant Motion, there is no indication that the Bucher Defendants acted in bad faith, were willful in their delay, or otherwise failed to exercise the appropriate amount of diligence.

The proposed amendment is also relatively discreet and will not result in undue prejudice. Indeed, Plaintiff already responded to the license defense when responding to the early motion for summary judgment. (*See* Doc. No. 86.) The only potential prejudice here is that Plaintiff seems to have made a waiver argument that would no longer be available if the Motion is granted. (*See id.* at 8, fn. 3 (arguing that although the Bucher Defendants seek summary

judgment on the license defense, they "failed to plead the existence of a license as an affirmative defense, arguably waiving the defense.").) However, that argument—which appears in Plaintiff's response to the Bucher Defendants' early motion for summary judgment—is contained in a short footnote with no analysis. Additionally, Plaintiff does not rely on that argument to oppose the instant Motion. In fact, and as noted above, Plaintiff has not responded to the Motion at all. The extent of Plaintiff's opposition, as reflected in the conferral certification, is as follows: "Plaintiff opposes this Motion as untimely and because of Bucher's pending Early Motion for Summary Judgment." (Doc. No. 81 at 2.) Without any analysis or argument concerning prejudice to Plaintiff, the Court is left to surmise whether the proposed amendment could be prejudicial. Because discovery is ongoing, a trial is not set, and any relevant deadlines can be extended for good cause, the Court perceives little-to-no prejudice—and certainly none that would outweigh the prejudice to the Bucher Defendants if the amendment were not permitted.

On this record, the Court finds the Bucher Defendants have shown good cause for the late amendment and established that the amendment should be permitted under Rule 15.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) The "Defendants Bucher Design Studio, Inc. and Brian Bucher's Motion to Amend Their Answer to Add Defense" (Doc. No. 81), is **GRANTED**.

(2) The Clerk is hereby directed to file the "Bucher Design Studio, Inc. and Brian K. Bucher's Amended Answer and Jury Demand" (Doc. No. 81-2) as a separate docket entry.

DATED: April 20, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge
